UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KOU LEE,**

                    **Plaintiff,**

        v.                              Case No. 25-CV-1206

**LAMONT JACOBSON, et al.,**

                    **Defendants.**

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

      Currently pending before the court is Kou Lee's Request to Proceed in District Court without Prepaying the Filing Fee.

      Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

      However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

      Lee seeks to sue the persons and entities involved in a child support action in which he is a party. He made a similar attempt before, *see Lee v. Keberlein*, 22-CV-1298 (E.D. Wis.). Despite his new theories, the court does not have subject matter

jurisdiction here for the same reason the court lacked subject matter jurisdiction in his past attempt. As Judge Griesbach stated:

> The court concludes that it does not have subject matter jurisdiction over this action. After reviewing the complaint, the court finds that Plaintiff's complaint must be dismissed under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the *Rooker-Feldman* doctrine." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). District courts do not have the power to exercise appellate review over state court decisions. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Instead, Plaintiff must appeal the state proceedings through the Wisconsin state courts. Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

*Lee v. Keberlein*, No. 22-C-1298, 2022 U.S. Dist. LEXIS 203054, at *2 (E.D. Wis. Nov. 8, 2022).

Because the court lacks jurisdiction, Lee's "Emergency Ex Parte Motion for Temporary Restraining Order" (ECF No. 3) is denied.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's complaint and this action are **dismissed** for lack of jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's "Emergency Ex Parte Motion for Temporary Restraining Order" (ECF No. 3) is **denied**.

Dated at Green Bay, Wisconsin this 21st day of August, 2025.

*s. Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge